ALBERT W. HARRIS, Appellant, *v.* ALEX P. SHORALL
et al., Respondents.

Specific performance — equity — when contract, under seal
for the sale of real estate, modified by an oral contract, has
been fully carried out by vendor, he is entitled to judgment for
specific performance by vendee — rule that contract under
seal cannot be modified by oral contract, considered and
questioned.

1. The court does not arbitrarily refuse specific performance of an
agreement for the sale of real estate when equity seems to demand that
the parties be compelled to carry out such agreement, even though
one party may not be instantly ready with complete performance on
his part. Especially is this the rule, almost of right, where time is not
the essence of the contract and where one of the parties has partly
performed or changed his position in reliance on the contract, and
common justice forbids that the other party should, on some techni-
cality which may be obviated without prejudice to any substantial
interest, refuse to comply with its provisions.

2. In this action, brought by the vendor to enforce specific perform-
ance of defendant's agreement, the trial court found that a contract
under seal for the purchase of real estate had been modified by an
oral contract between the parties, and as thus modified had been
acted upon and fully performed by the vendor, the Statute of Frauds
was not pleaded, nor any allegation made that the modified agreement
was not under seal. Under these circumstances it would be inequi-
table to refuse specific performance of the contract.

3. When a modified contract is wholly executed on both sides the
plea that the modification is not under seal will not avail the parties.
The rule that a contract or covenant under seal cannot be modified by
a parol unexecuted contract considered and questioned.

*Harris* v. *Shorall*, 188 App. Div. 330, reversed.

(Argued January 26, 1921; decided March 1, 1921.)

APPEAL from a judgment, entered July 12, 1919, upon
an order of the Appellate Division of the Supreme Court
in the third judicial department reversing a judgment
in favor of plaintiff entered upon a decision of the court
at a Trial Term without a jury and directing a dismissal
of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Erskine C. Rogers* for appellant. The defense that a contract under seal cannot be modified by a parol unexecuted agreement, to be available, must be pleaded. (*Mc Kenzie* v. *Harrison*, 120 N. Y. 260; *Thompson* v. *Poor*, 147 N. Y. 402; *Dunham* v. *Hastings Pavement Co.*, 56 App. Div. 244; *Crane* v. *Powell*, 139 N. Y. 379; *Matthews* v. *Matthews*, 154 N. Y. 288.) A purchaser of real estate who makes specific objections to the title on the law day, which are unfounded, cannot subsequently raise a new objection, even if it is valid, where it is one that could have been obviated by the vendor. (*Higgins* v. *Eagleton*, 155 N. Y. 466; *Greenfield* v. *Mills*, 123 App. Div. 43; *Fleming* v. *Gilbert*, 3 Johns. 530.) Time was not the essence of the contract. (*Hun* v. *Borden*, 57 App. Div. 351; *Duffy* v. *O'Donovan*, 46 N. Y. 223.) Regardless of whether there was a waiver or modification of the contract, the plaintiff was entitled to a decree of specific performance. (*Duffy* v. *O'Donovan*, 46 N. Y. 223; *Brown* v. *Haff*, 5 Paige, 235; *Pakas* v. *Clarke*, 136 App. Div. 492; 203 N. Y. 534.)

*Walter A. Chambers* for respondents. The Appellate Division properly reversed the judgment of the trial court and dismissed the complaint as the plaintiff had wholly failed to allege and prove a cause of action. (*Lamphere* v. *Lang*, 213 N. Y. 585; *Jackson* v. *Strong*, 222 N. Y. 149; *Mc Neil* v. *Cobb*, 186 App. Div. 177; *Flanders* v. *Rosoff*, 111 App. Div. 1; 188 N. Y. 616; *Leighton* v. *City of Syracuse*, 188 N. Y. 499; Pomeroy on Contracts [2d ed.], § 319; Waterman on Spec. Perf. § 434; *Koster* v. *Lafayette Trust Co.*, 207 N. Y. 336; *Ziehen* v. *Smith*, 148 N. Y. 558; *Baldwin* v. *McGrath*, 90 App. Div. 199; 188 N. Y. 606; *Duschnes* v. *Heyman*, 2 App. Div. 354.) The contract being under seal could not be modified by a parol unexe-

cuted contract. (*McKenzie* v. *Harrison*, 120 N. Y. 260; *Coe* v. *Hobby*, 72 N. Y. 141; *Imperator Realty Co., Inc.*, v. *Tull*, 179 App. Div. 761; *Mitchell* v. *Dunmore Realty Co.*, 156 App. Div. 117; *Stevenson Brewing Co.* v. *Junction Realty Co.*, 156 App. Div. 271; *Hayne* v. *Sealy*, 71 App. Div. 418; *Voege* v. *Ronalds*, 83 Hun, 114; *Zindler* v. *Levitt*, 132 App. Div. 397; *Smith* v. *Kerr*, 108 N. Y. 31.) The defendants, by the terms of their contract with the plaintiff, made time of the essence of the contract. (*Blanchard* v. *Archer*, 93 App. Div. 459; *Baldwin* v. *McGrath*, 90 App. Div. 199; 188 N. Y. 606; *Schmidt* v. *Reed*, 132 N. Y. 108; *Darrow* v. *Cornell*, 30 App. Div. 115; *Drake* v. *Gaffney*, 183 App. Div. 577.)

POUND, J. This is an action for the specific performance of a contract under seal, dated January 19, 1918, whereby plaintiff agreed to sell and defendants to buy certain real estate in the village of Hudson Falls for $16,000. Of this amount $500 was paid on the execution of the contract; $4,500 was to be paid on February 15, 1918, when the deed was to be delivered. The property was subject to a mortgage of $11,000 held by the Albany City Savings Institution. The deed was to be given subject to the mortgage, but plaintiff agreed " to procure from said bank an extension of the payment of said mortgage for at least two years from this date, or to procure some other person to hold said mortgage for that time;" otherwise the agreement was to become void and plaintiff was to return the $500 cash payment. The deed was to provide that defendants assumed and agreed to pay the mortgage. Before the law day, plaintiff ascertained from the bank that it would extend to February 15, 1920, the payment of only $10,000 of the $11,000 mortgage. Plaintiff thereupon orally agreed with the defendants to take their mortgage as security for the remaining $1,000 and to pay $1,000 to the bank in reduction of the mortgage held by the bank.

The trial court found that on February 15, when plaintiff tendered performance under the original contract as modified by the oral agreement, defendants refused to accept the deed and to perform on their part on the ground that it might impair their credit if they were to place a second mortgage on the property; that they refused to complete the contract because the bank had not extended the time for payment of the full amount of the mortgage; that they also refused to grant any extension of time to plaintiff to enable him to perform according to the original contract; that shortly after February 15 plaintiff paid $1,000 to the bank to apply on its mortgage, having previously thereto agreed with the bank to make the payment in connection with obtaining the extension of time for the payment of the $10,000. On the trial plaintiff offered to pay the bank mortgage in full and in place thereof to take defendants' mortgage on the premises for $11,000, payable February 15, 1920. This offer was outside the agreement of the parties in either form. Time was not the essence of the contract; no damage would have resulted if performance had been delayed as plaintiff requested on the law day.

The complaint alleges performance by the plaintiff of the modified agreement and demands judgment that defendants perform on their part. The answer is a denial of the material allegations of the complaint. The Statute of Frauds is not pleaded nor is it alleged as a defense that the modified agreement was not under seal. (*Crane* v. *Powell*, 139 N. Y. 379; *Matthews* v. *Matthews*, 154 N. Y. 288.)

The trial court held that the contract under seal had been modified by the oral contract and as thus modified had been fully performed by plaintiff. It also held that plaintiff having relied on the oral agreement was entitled to time in which to perform the original contract. (*Imperator Realty Co.* v. *Tull*, 228 N. Y. 447.) It directed defendants to execute their mortgage for $1,000 and gave

them an option to execute their mortgage for $11,000 instead, in which case plaintiff should therewith obtain a discharge of the bank mortgage.

The Appellate Division reversed the judgment entered on the decision of the trial court without disturbing its findings of fact and dismissed the complaint, taking the view that plaintiff was not on February 15 literally and immediately prepared to perform either the original contract or the modified contract. As a bare fact, this is not disputed. The extension agreement of the bank was not executed until September 10, 1918, and the unexecuted extension agreement presented on the law day contained certain provisions whereby the loan might be called in before the expiration of the two years, which might have been objectionable, but on the evidence for the plaintiff which the trial justice accepted and on which he made his findings of fact, the defendants' objections were directed entirely to the disadvantages to them of having a second mortgage on the property. They thought that, although it would not increase their indebtedness, it would make it more difficult for them to borrow money on the security of the real estate and would thus injuriously affect their business standing. If they had objected to the form of the extension agreement or that it was not executed, the difficulties might have been overcome by a short postponement which plaintiff requested and which they refused to consider. (*Higgins* v. *Eagleton,* 155 N. Y. 466.) The allegations of the complaint are general but not insufficient to cover the facts found. Courts do not arbitrarily refuse specific performance of an agreement for the sale of real estate when equity seems to demand that the parties be compelled to carry out such agreement, even though one party may not be instantly ready with complete performance on his part. Especially is this the rule, almost of right, where one of the parties has partly performed or changed his position in reliance on the contract, and common justice forbids that the other

party should, on some technicality which may be obviated without prejudice to any substantial interest, refuse to comply with its provisions.

The questions in the case are more substantial than the objections as to practice thus suggested. Did the parties modify the contract under seal by the subsequent parol agreement? Or were mere words ineffective to accomplish the purpose?

HAIGHT, J., in *Mc Kenzie* v. *Harrison* (120 N.Y. 260, 263) said: " We shall not question the rule that a contract or covenant under seal cannot be modified by a parol unexecuted contract." ANDREWS, J., in *McCreery* v. *Day* (119 N. Y. 1) had, however, already pointed out that the ancient technical rule of the common law that a contract under seal cannot be varied or discharged by a parol agreement had caused great inconvenience and injustice and had been practically superseded as a result of the right given by the modern rules of procedure to interpose equitable defenses in legal actions. Again in *Thomson* v. *Poor* (147 N. Y. 402) ANDREWS, then Ch. J., suggested that the principle no longer has any practical existence. The time to dispose of the rule effectively, if not now, is near at hand. Williston on .Contracts (§ 1836) says: " The matter cannot be considered settled in any jurisdiction unless the court of that jurisdiction has either abrogated the rule, in which case it is not likely to recede, or has expressly considered it in a recent case." In New York the solemnity of a seal has been much diminished. At common law it was conclusive evidence of a consideration; under the Code of Civil Procedure (§ 840) on an executory instrument it is presumptive evidence only. The mere writing of the letters " L. S." opposite a signature is a sufficient private seal (General Construction Law [Cons. Laws, ch. 22], § 44) and the sealing of a contract is as often a mere circumstance as a deliberate solemn act and deed. When so much of the old value and high nature of the seal has been lost, the court should not be tenacious to

preserve one of its minor incidents for the sake of the rule but should rather strive to give effect to the real agreement of the parties.

If reluctance unnecessarily to vary established rules suggests that a final decision be reserved on this point until a case is presented which compels such a decision, little difficulty exists in the way of sustaining the new contract in this case, by the application of other and undisputed principles.

The modified contract had been acted upon by plaintiff. He had ascertained that the bank would not extend the mortgage unless he paid $1,000. When defendants acquiesced in the new arrangement, he had agreed to pay the bank the $1,000 and he thereafter paid this amount as .he had agreed to. The defendants' consent was thus acted upon. When it was acted upon, plaintiff was to that extent excused from performance of the original contract. (*Imperator Realty Co.* v. *Tull, supra.*) When the parties came together the only question on this point was as to the form of the extension agreement which was not a finality. The dickering inseparable from the closing of the contract was still in progress. When the modified contract is wholly executed on both sides the plea that the modification is not under seal will not avail the parties. (*Thomson* v. *Poor, supra.*) Where it has been partly executed on one side the reason for the rule is gone and its strict application becomes a mere technicality. If defendants had changed their minds and notified plaintiff before he had put himself in a position where he could not perform the original contract, the court might, if it were so disposed, adhere to the rule against varying sealed instruments by parol, but it would be inequitable now to permit the defendants to take advantage of something which they had brought about, to prevent literal compliance with the original contract.

On the facts as found on the evidence, the plaintiff should . have judgment for specific performance of the

modified contract. He has paid off $1,000 on the bank mortgage at defendants' request, so they cannot complain. It becomes a part of the purchase money. A vendor's lien therefor would be impressed upon the premises which is the equivalent of the second mortgage. He who buys land from another should pay for it, or if he does not the land should be held for whatever he fails to pay. (*Bach* v. *Kidansky*, 186 N. Y. 368, 374.) The two years for the payment of the bank mortgage have been extended by lapse of time. Defendants need not concern themselves with the language of the extension agreement as to that. They should, on delivery of the deed, pay $4,500 on the purchase price and take the property subject to the bank mortgage and also to the lien for $1,000 with interest thereon from February 10, 1920. Should an adjustment of rents and interest be desired, the Supreme Court may order the necessary accounting, but defendants should have the election to get the rents or the interest, whichever they may prefer. Ten days after entry of judgment and service thereof with notice of entry is an adequate time for the parties to complete the transaction and the proper date for closing title. Title to be closed as of the date of the trial.

The judgment appealed from should be reversed and the judgment of the Trial Term modified in accordance with this opinion and as so modified affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.