Elizabeth B. Alexander, Respondent, *v.* The Equitable Life Assurance Society of the United States, Appellant.

Contract — insurance companies — ultra vires — when obligation to render services will be implied and read into contract between corporation and one of its officers — when failure to prove rendition of services bar to action on contract — seal on executory instrument only presumptive evidence of consideration — when contract whereby insurance corporation agreed to pay to wife of one of its officers an annuity in consideration of his past and future services illegal upon its face.

1. Where a contract between an insurance society and one of its officers and directors provided: " That in consideration of the services rendered and to be rendered by him outside of and in addition to the services required of him as incumbent of his office and as full compensation to him for all such extra services, said Society agrees in addition to said salary to pay," to his wife an annuity for life, commencing at his death, it is obvious that the purpose of the contract was to pay and satisfy claims for past as well as future services, and where there is nothing in the contract by which the officer specifically obligated himself to render services in the future, that is fairly to be implied and should be read into it. A promise may be lacking, yet the whole writing indicates that he was thus obligating himself.

2. The wife stands in no better position than would her husband and took the contract subject to all the burdens he would have had if the promise had been to pay him, instead of her, an annuity during his life. The failure, therefore, in an action by the wife brought after the death of her husband to recover the annuity contracted to be paid, to prove the rendition of services to be rendered, or that her husband was ready and willing to render such services, was a bar to plaintiff's recovery.

3. Plaintiff was also required to prove, at least *prima facie*, that the past services were of a character and rendered under such conditions as imposed a legal obligation on the corporation to pay therefor. The general rule is that, in the absence of an express contract, an officer or director of a corporation cannot recover for services rendered without proving they were outside of his duties as such officer or director, and in addition thereto that the same were rendered with the expectation by both parties that they should be paid for.

4. A seal on an executory instrument is only presumptive evidence of consideration (Code Civ. Pro. § 840; Civ. Pr. Act, § 342) and, in a contract of an extraordinary character, does not, of itself, import a sufficient consideration to justify the payment of a large sum of money.

5. The contract in suit, when read in connection with the charter and by-laws of the defendant, is illegal upon its face. Part of the consideration for the contract was services to be rendered in the future and where their character and extent were not specified but were indefinite and uncertain and might be of the most trivial character and value they do not afford a consideration sufficient, under the defendant's charter and by-laws, to empower it to make such a contract.

*Alexander* v. *Equitable Life Assurance Society*, 196 App. Div. 963, reversed.

(Argued March 21, 1922; decided April 25, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 24, 1921, affirming a judgment in favor of plaintiff entered upon a verdict.

*Wallace MacFarlane* and *Harlan F. Stone* for respondent. The defendant's motion to dismiss the complaint at the close of plaintiff's case for failure to prove performance of the executory part of the consideration, renewed at the close of the whole case, should have been granted. (*Thorp* v. *Thorp*, 12 Mod. 455; 2 Williston on Cont. 1293, 1294, § 671; *Rosenthal Paper Co.* v. *Nat. Folding Box Co.*, 226 N. Y. 313; *Gail* v. *Gail*, 127 App. Div. 892; *Glenn* v. *Rossler*, 156 N. Y. 161; *Grant* v. *Johnson*, 5 N. Y. 247; *Clark* v. *West*, 137 App. Div. 23; 201 N. Y. 600; *Ming* v. *Corbin*, 142 N. Y. 334; *Walsh* v. *N. Y. & K. Co.*, 88 App. Div. 477; *Tipton* v. *Feitner*, 20 N. Y. 423; *Bogardus* v. *N. Y. Life Ins. Co.*, 101 N. Y. 328; *Duffield* v. *Johnston*, 96 N. Y. 369; *Tooker* v. *Arnoux*, 76 N. Y. 397; *Fulton* v. *Varney*, 117 App. Div. 572; *Oakley* v. *Morton*, 11 N. Y. 25.) Respondent's argument that properly construed the contract imposes

upon Alexander no obligation of future performance as part of the consideration is untenable. (*Martin* v. *N. Y. L. Ins. Co.*, 148 N. Y. 117.) The court erred in denying defendant's motion for a direction of a verdict in its favor, made on the ground that the contract was unreasonable and against established public policy. (*Hoffman* v. *Hanover Ins. Co.*, 92 U. S. 161; *Caldwell* v. *M. R. F. Assn.*, 53 App. Div. 245; *Bassick* v. *Ætna Explosives Co.*, 246 Fed. Rep. 974; *Carney* v. *N. Y. Life Ins. Co.*, 162 N. Y. 453; *Beers* v. *N. Y. Life Ins. Co.*, 66 Hun, 75; *Rollins* v. *Co-operative Bldg. Bank*, 98 App. Div. 606.)

*William N. Cohen, Joseph A. Keenan* and *Stephen J. McTague* for respondent. An officer of a corporation may recover compensation for services rendered by him outside of the ordinary services performed by him by virtue of the title of his office. (*Fox* v. *Arctic P. M. & M. Co.*, 229 N. Y. 124; *Lorillard* v. *Clyde*, 86 N. Y. 384; *Fleischman* v. *Ferguson*, 223 N. Y. 235; *Paige* v. *Faure*, 229 N. Y. 114; *Buchanan* v. *Tilden*, 150 N. Y. 109; *Seaver* v. *Ranson*, 224 N. Y. 233.) The agreement is in no sense unreasonable. (*Carney* v. *N. Y. Life Ins. Co.*, 162 N. Y. 453; *Beers* v. *N. Y. Life Ins. Co.*, 66 Hun, 75; *Caldwell* v. *M. R. F. Life Assn.*, 53 App. Div. 245; *Bassick* v. *Ætna Explosives Co.*, 246 Fed. Rep. 974.) It was within the inherent power of the appellant to make the contract. (*Stover* v. *Gamewell F. A. Tel. Co.*, 164 App. Div. 155.)

McLaughlin, J. On the 6th of November, 1888, the defendant as party of the first part, James W. Alexander, party of the second part, and his wife, the plaintiff, as party of the third part, entered into a written contract by the terms of which the defendant agreed to pay to Mrs. Alexander, after the death of Mr. Alexander, an annuity of $18,000 during her natural life. Mr. Alexander died September 21, 1915. The defendant refused to pay the

annuity specified or to recognize in any way the validity of the contract, and thereupon this action was brought to recover installments alleged to be due thereunder.

The answer put in issue the material allegations of the complaint and set up as affirmative defenses, in substance, that the contract was unreasonable, unauthorized, unenforcible and one which the defendant had no authority to make under its charter and by-laws.

At the trial the plaintiff put in evidence the contract, a resolution of the finance committee of the defendant, and an admission that at the date of the contract the plaintiff and James W. Alexander were husband and wife, and continued to be until the death of the latter; also an admission that at the time the contract was executed and for some time prior and subsequent thereto, he was vice-president and director of the appellant and continued as such until 1899, when he became president and continued as such until 1905, when he resigned and terminated his relations, and ceased to have any further connection with the defendant as an officer or employee. The plaintiff then rested. A motion for the dismissal of the complaint on the ground that plaintiff had failed to prove a cause of action having been denied, defendant put in evidence its charter and by-laws, and rested. The motion to dismiss the complaint was renewed, and denied, as was a motion for the direction of a verdict on the ground that the contract was unreasonable, unlawful and unenforcible. Defendant's motion for the direction of a verdict having been denied, plaintiff's counsel asked that a verdict be directed in her favor, which motion was granted and a verdict rendered for $77,448, upon which judgment was entered. Defendant appealed to the Appellate Division, where the judgment was affirmed, one of the justices dissenting, and it now appeals to this court.

The validity of the judgment is attacked mainly upon the ground that the contract upon which it is predicated is invalid and not binding on the defendant. In deter-

mining this question it ·is necessary to consider some of the provisions of the resolution of the finance committee, to which reference has already been made, as well as the contract itself. The resolution, which was passed the 2d of February, 1888, after stating what members of the finance committee were present, recited: " The question of the compensation of the President and Vice President having been under consideration, the Society is of the opinion that the salaries paid to said officers is inadequate compensation for the services which have been rendered by them respectively to the Society and which the Society will have occasion to call upon them to render in the future, many of them being of a kind and character confidential and otherwise not devolving upon them by virtue of their offices, for which or like services commissions or fees are paid when rendered by others, and for which the said Officers while claiming a right to compensation have been unwilling to have their official salaries as such increased; * * * Now, therefore, resolved, that in consideration of the services required of them as incumbents of their offices, * * * the Vice President shall receive the salary at present paid to him * * * or as further fixed by the President; that in consideration of the services of the character above described rendered and to be rendered by the President and Vice President outside of and in addition to the services required of them as incumbents of those offices and as full compensation to them for all such extra services, this Society agrees * * * to enter into an agreement with * * * Mrs. Elizabeth B. Alexander " to pay her an annuity during her natural life of $18,000 per annum, from the date of the death of her husband, James W. Alexander.

The contract entered into refers to the resolution, makes it a part thereof, and provides that the society will pay to Mr. Alexander for his services rendered to said society as vice-president the salary then paid to him, or thereafter to be fixed by the president, and " That in

consideration of the services rendered and to be rendered by him outside of and in addition to the services required of him as incumbent of his office and as full compensation to him for all such extra services, said Society agrees in addition to said salary to pay, and are hereby directed by said James W. Alexander to pay to Elizabeth B. Alexander, wife of said James W. Alexander, an annuity of Eighteen thousand dollars during her natural life * * *; said annuity, however, shall be paid only from the death of Mr. James W. Alexander, her husband." It was executed by Mr. and Mrs. Alexander, by the defendant, acting through its president and assistant secretary, and had affixed to it the corporate seal. The express consideration is the payment and satisfaction of claims by Mr. Alexander for extra services theretofore rendered and for extra services thereafter to be rendered. This is the entire consideration. It includes future just as much as it does past services. If a recovery could be had at all it could only be had by proving full performance on the part of Mr. Alexander. This was appreciated by the pleader when the complaint was drafted. It alleges full performance. Yet no proof was offered at the trial to establish that fact and it could not well be, since under the admission made by plaintiff's attorney, Mr. Alexander resigned in 1905 and thereafter ceased to be an officer or employee of the defendant. By terminating his relations with the defendant he thereby put it out of his power to perform that part of the contract which required services *to be rendered.* Respondent's counsel appreciates that fact and seeks to escape the force of it by urging that the contract did not require Mr. Alexander to render any extra services in the future; that it was entirely optional with him whether he did so or not.

It is obvious that the purpose of the contract, as above indicated, was to pay and satisfy claims for past as well as future services. While there is nothing in the contract

20

by which Mr. Alexander specifically obligated himself to render services in the future, that is fairly to be implied and should be read into it. A promise may be lacking, yet the whole writing indicates that he was thus obligating himself. (*Wood* v. *Duff-Gordon,* 222 N. Y. 88; *Moran* v. *Standard Oil Co.,* 211 N. Y. 187; *Grossman* v. *Schenker,* 206 N. Y. 466; *Russell* v. *Allerton,* 108 N. Y. 288; *Hudson Canal Co.* v. *Penna. Coal Co.,* 75 U. S. 276, 289.)

The resolution as well as the contract indicates that the defendant, by the payment of such a large sum of money, expected to secure the benefit of Mr. Alexander's services in the future as it had in the past, and that he intended to render such services. (*Rosenthal Paper Co.* v. *National Folding Box P. Co.,* 226 N. Y. 313; *Glenn* v. *Rossler,* 156 N. Y. 161; *Clark* v. *West,* 137 App. Div. 23; affd., 201 N. Y. 569; 2 Williston on Contracts, secs. 671, 829.)

The plaintiff, of course, stands in no better position than would Mr. Alexander if he were attempting to enforce the contract. She took it subject to all the burdens he would have had if the promise had been to pay him, instead of her, an annuity during his life. (*Dunning* v. *Leavitt,* 85 N. Y. 30; *Crowe* v. *Lewin,* 95 N. Y. 423; *Loeb* v. *Willis,* 100 N. Y. 231; 1 Williston on Contracts, sec. 394.) The failure to prove the rendition of services to be rendered, or that Mr. Alexander was ready and willing to render such services, was a bar to plaintiff's recovery.

She was also required to prove, at least *prima facie,* that as to the past services they were of a character and rendered under such conditions as imposed a legal obligation on the corporation to pay therefor. In this connection it must be borne in mind that Mr. Alexander at the time the past services were rendered, was a director and officer of the corporation. This is an extraordinary contract. It imposed, or might impose, upon the corporation the payment of a very large sum of money.

Had Mr. Alexander died shortly after the contract was made, Mrs. Alexander, by its terms, would at the present time have received, or been entitled to receive, upwards of $600,000, and the further sum of $18,000 a year so long as she lives. The general rule is that, in the absence of an express contract, an officer or director of a corporation cannot recover for services rendered without proving they were outside of his duties as such officer or director, and in addition thereto that the same were rendered with the expectation by both parties that they should be paid for. (*Fox* v. *Arctic Placer Mining & Milling Co.*, 229 N. Y. 124, 131; *Mather* v. *Eureka Mower Co.*, 118 N. Y. 629; *March* v. *Shelburne Falls & Colrain St. Ry. Co.*, 210 Mass. 197; *Fitzgerald & M. Const. Co.* v. *Fitzgerald*, 137 U. S. 98, 111.)

It is true the contract is under seal, but as stated in *Harris* v. *Shorall* (230 N. Y. 343) the solemnity of a seal has been much diminished. At common law it was conclusive evidence of a consideration, but under the Code of Civil Procedure (Sec. 840) on an executory instrument it is presumptive evidence only, and the same rule prevails under the Civil Practice Act (Sec. 342). In a contract of such an extraordinary character as the one under consideration, read in the light of the record before us, the corporate seal, of itself, does not import a sufficient consideration to justify the payment of such a large sum of money and for that reason the plaintiff failed to establish a cause of action.

I do not care, however, to place my opinion solely upon the grounds already discussed. I think this contract, when read in connection with the charter and by-laws of the defendant, illegal upon its face.

If it be assumed that the past services of Mr. Alexander, while a director of the company, were of such a character that the company could make compensation for them by issuing an annuity contract such as has been issued, nevertheless there were included as part of the considera-

tion for this contract services to be rendered in the future. The validity of the contract, therefore, must be tested by the consideration afforded by these future services, the character and extent of which were not specified, were indefinite and uncertain. They might be of the most trivial character and value and they might cease by the death of Mr. Alexander in the course of a year, thus putting the defendant where it would be compelled to pay a large annuity for many years in return, in part at least, for insignificant services rendered by him. I do not think the defendant, under its charter and by-laws, had power to make such a contract as now urged upon us for any such consideration.

It is true, as suggested, the company is authorized to sell annuity contracts for cash. The extent of the obligation which it incurs in this manner, in proportion to the consideration paid, is estimated upon fixed principles and by well-established rules, and is entirely different in consideration from the present contract. This was a wagering contract and I think, as indicated, beyond the power of the corporation to make.

Contracts of this kind have frequently been condemned by the courts. (*Carney* v. *New York Life Ins. Co.*, 19 App. Div. 160; affd., 162 N. Y. 453; *Beers* v. *New York Life Ins. Co.*, 66 Hun, 75; *Caldwell* v. *Mutual Reserve Fund Life Assn.*, 53 App. Div. 245; *National Loan & Investment Co.* v. *Rockland Co.*, 94 Fed. Rep. 335; *Martindale* v. *Wilson-Cass Co.*, 134 Penn. St. 348; *Bassick* v. *Ætna Explosives Co.*, 246 Fed. Rep. 974.)

The complaint, therefore, should also have been dismissed upon this ground.

The judgments of the Appellate Division and trial court should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.