In re GREENE.

No. 48299.

District Court, S. D. New York.
Dec. 6, 1930.

Nathaniel J. Palzer, of New York City, for Irving Trust Co.

Sperry & Yankauer, of New York City (Walter D. Yankauer, of New York City, and Samuel Weinberg, of Brooklyn, N. Y., of counsel), for claimant Leila G. Trudel.

WOOLSEY, District Judge.

The petition for review is granted, and the order of the referee is reversed.

I. The claimant, a woman, filed proof of claim in the sum of $375,700, based on an alleged contract, against this bankrupt's estate. The trustee in bankruptcy objected to the claim.

A hearing was held before the referee in bankruptcy and testimony taken.

The referee held the claim valid and dismissed the objections. The correctness of this ruling is raised by the trustee's petition to review and the referee's certificate.

II. For several years prior to April 28, 1926, the bankrupt, a married man, had apparently lived in adultery with the claimant. He gave her substantial sums of money. He also paid $70,000 for a house on Long Island acquired by her, which she still owns.

Throughout their relations the bankrupt was a married man, and the claimant knew it. The claimant was well over thirty years of age when the connection began. She testified that the bankrupt has promised to marry her as soon as his wife should get a divorce from him; this the bankrupt denied.

The relations of intimacy between them were discontinued in April, 1926, and they then executed a written instrument under seal which is alleged to be a binding contract and which is the foundation of the claim under consideration.

In this instrument, which was made in New York, the bankrupt undertook (1) to pay to the claimant $1,000 a month during their joint lives; (2) to assign to her a $100,000 life insurance policy on his life and to keep up the premiums on it for life, the

bankrupt to pay $100,000 to the claimant in case the policy should lapse for nonpayment of premiums; and (3) to pay the rent for four years on an apartment which she had leased.

It was declared in the instrument that the bankrupt had no interest in the Long Island house or in its contents, and that he should no longer be liable for mortgage interest, taxes, and other charges on this property.

The claimant on her part released the bankrupt from all claims which she had against him.

The preamble to the instrument recites as consideration the payment of $1 by the claimant to the bankrupt, "and other good and valuable considerations."

The bankrupt kept up the several payments called for by the instrument until August, 1928, but failed to make payments thereafter.

III. In the proof of claim it is alleged that a total of $375,700 was due because of breach of the agreement, made up as follows: $250,000 for failure to pay $1,000 a month; $99,200 for failure to maintain the insurance policy; and $26,500 for failure to pay the rent.

The claim was sustained by the referee for the full amount.

It seems clear that the $250,000 allowed as damages for failure to pay $1,000 a month was excessive. The bankrupt's undertaking was to pay $1,000 a month only so long as both he and the claimant should live; it was not an annuity for the claimant's life alone, as she seems to have assumed. There is nothing in the record to indicate the bankrupt's age, and consequently there is a failure of proof as to this element of damage.

In view of my conclusion that the entire claim is void, however, the matter of damages is of no present importance.

■ IV. A contract for future illicit cohabitation is unlawful. There is consideration present in such a case, but the law strikes the agreement down as immoral. Williston on Contracts, § 1745.

Here the illicit intercourse had been abandoned prior to the making of the agreement, so that the above rule is not infringed. This case is one where the motive which led the bankrupt to make the agreement on which the claim is based was the past illicit cohabitation between him and the claimant.

■ The law is that a promise to pay a woman on account of cohabitation which has ceased is void, not for illegality, but for want of consideration. The consideration in such a case is past.

The mere fact that past cohabitation is the motive for the promise will not of itself invalidate it, but the promise in such a case, to be valid, must be supported by some consideration other than past intercourse. Williston on Contracts, §§ 148, 1745.

■ The problem in the present case, therefore, is one of consideration, not of illegality, and it is clear that the past illicit intercourse is not consideration.

The cases dealing with situations where there is illegitimate offspring or where there has been seduction are of doubtful authority, for the doctrine that past moral obligation is consideration is now generally exploded. But these cases and others speaking of expiation of past wrong, cited by the referee, are not in point.

Here there was not any offspring as a result of the bankrupt's union with the claimant; there was not any seduction shown in the sense in which that word is used in law. Cf. New York Penal Law, art. 195, § 2175. There was not any past wrong for which the bankrupt owed the claimant expiation—volenti non fit injuria.

Cases involving deeds, mortgages, and the like are not analogous, because no consideration is necessary in an executed transaction.

V. The question, therefore, is whether there was any consideration for the bankrupt's promises, apart from the past cohabitation. It seems plain that no such consideration can be found, but I will review the following points emphasized by the claimant as showing consideration:

■ (1) The $1 consideration recited in the paper is nominal. It cannot seriously be urged that $1, recited but not even shown to have been paid, will support an executory promise to pay hundreds of thousands of dollars.

■ (2) "Other good and valuable considerations" are generalities that sound plausible, but the words cannot serve as consideration where the facts show that nothing good or valuable was actually given at the time the contract was made.

■ (3) It is said that the release of claims furnishes the necessary consideration. So it would if the claimant had had any claims to

release. But the evidence shows no vestige of any lawful claim. Release from imaginary claims is not valuable consideration for a promise. In this connection, apparently, the claimant testified that the bankrupt had promised to marry her as soon as he was divorced. Assuming that he did—though he denies it—the illegality of any such promise, made while the bankrupt was still married, is so obvious that no claim could· possibly arise from it, and the release of such claim could not possibly be lawful consideration.

(4) The claimant also urges that by the agreement the bankrupt obtained immunity from liability for taxes and other charges on the Long Island house. The fact is that he was never chargeable for these expenses. He doubtless had been in the habit of paying them, just as he had paid many other expenses for the claimant; but such payments were either gratuitous or were the contemporaneous price of the continuance of his illicit intercourse with the claimant.

It is absurd to suppose that, when a donor gives a valuable house to a donee, the fact that the donor need pay no taxes or upkeep thereafter on the property converts the gift into a contract upon consideration. The present case is even stronger, for the bankrupt had never owned the house and had never been liable for the taxes. He furnished the purchase price, but the conveyance was from the seller direct to the claimant.

(5) Finally, it is said that the parties intended to make a valid agreement. It is a non sequitur to say that therefore the agreement is valid.

A man may promise to make a gift to another, and may put the promise in the most solemn and formal document possible; but, barring exceptional cases, such, perhaps, as charitable subscriptions, the promise will not be enforced. The parties may shout consideration to the housetops, yet, unless consideration is actually present, there is not a legally enforcible contract.

What the bankrupt obviously intended in this case was an agreement to make financial contribution to the claimant because of his past°cohabitation with her, and, as already pointed out, such an agreement lacks consideration.

V. The presence of the seal would have been decisive in the claimant's favor a hundred years ago. Then an instrument under seal required no consideration, or, to keep to the language of the cases, the seal was conclusive evidence of consideration. In New York, however, a seal is now only presumptive evidence of consideration on an executory instrument. Civil Practice Act, § 342; Harris v. Shorall, 230 N. Y. 343, 348, 130 N. E. 572; Alexander v. Equitable Life Assurance Society, 233 N. Y. 300, 307, 135 N. E. 509. This presumption was amply rebutted in this case, for the proof clearly shows, I think, that there was not in fact any consideration for the bankrupt's promise contained in the executory instrument signed by him and the claimant.

An order in accordance with this opinion may be submitted for settlement on two days' notice.