WILLIAM PARK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 87423, 90026. Promulgated November 8, 1938.

*Joseph Gilfillan, Esq.*, for the petitioner.
*Thomas F. Callahan, Esq.*, for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined deficiencies in income tax of $2,731.40, $2,508.57, and $2,772.67 for 1932, 1933, and 1934. The Commissioner, in determining the deficiency for each year, dis-

allowed a deduction of $9,000 claimed as interest paid on a note to the petitioner's wife. The correctness of this action is the only issue not settled by agreement. The facts were stipulated and are found as stipulated.

The petitioner made, executed, and delivered his collateral demand note for $150,000 to his wife in Pennsylvania on December 14, 1923. The note bore interest at 6 percent. The delivery of the note was made as an absolute gift. The note was under seal. It was secured by 6,000 shares of American Stores Co. stock. The note was unpaid during the three years here involved, and during those years the petitioner paid annually $9,000 as interest on the note.

The applicable statutes allow a deduction for all interest paid within the taxable year on indebtedness. Sec. 23 (b), Revenue Acts of 1932 and 1934. The only question is whether this interest was on indebtedness. The Commissioner argues that, since this note was a gift there was no consideration for the promise to pay, and, consequently, there was no enforceable obligation. He says there is no difference between a mere promissory note and a note under seal. The petitioner concedes the correctness of the Commissioner's argument as applied to a mere promissory note but contends that, under the common law in effect in Pennsylvania, a note under seal imports a consideration even though it was given as an absolute gift.

"Indebtedness", as used in section 23 (b), is not defined in the statutes. The Board and a court have used the definition that "indebtedness", in this connection, means something owed in money which one is unconditionally obligated or bound to pay, the payment of which is enforceable. *W. S. Gilman*, 18 B. T. A. 1277; affd., 53 Fed. (2d) 47. The question of whether or not this note was enforceable in accordance with its terms depends upon the law of Pennsylvania, where it was given and where the parties reside. One case cited by the petitioner is *Balliet* v. *Fetter*, 314 Pa. 284; 171 Atl. 466. There a judgment note under seal was delivered as a gift. The court said that instruments under seal are not subject to the defense of want of consideration, "as early as *Yard* v. *Patton*, 13 Pa. 278, it was definitely settled that the presence of a seal was not merely presumptive evidence of consideration, but actually imports a consideration, and a host of cases extending down to *Killeen's Estate*, 310 Pa. 182, 165 A. 34, have followed this rule", and this was not changed by the Negotiable Instruments Act, which made a note under seal negotiable but did not destroy the significance of the seal. *Yard* v. *Patton* and *Killeen's Estate*, cited in the above quotation. This distinction between a sealed instrument and one not under seal is also recognized in *In re Kern's Estate*, 171 Pa. 55; 33 Atl. 129, and in *Storm* v. *United States*, 94 U. S. 76. Thus, a note under seal in Pennsylvania is, and

always has been, an enforceable obligation, even though the maker gave it as an absolute gift to the payee. Furthermore, a collateral note is enforceable, at least to the extent of the collateral, regardless of whether or not it is under seal. *Dando's Appeal*, 94 Pa. 76.

The cases cited by the respondent, showing that in other jurisdictions a seal is of no significance, and holding that no deduction is allowed if the note is not enforceable, are not in point. This note was given in a state where it created an indebtedness. The law of that state determines whether or not it created a legally enforceable obligation to pay. Cf. *W. S. Gilman, supra; Erie Railroad Co.* v. *Tompkins*, 304 U. S. 64; *Poe* v. *Seaborn*, 282 U. S. 101. The last cited case also answers the respondent's argument for a uniform rule as to all states. No question is raised of the right of a wife to enforce her rights against her husband. The interest is deductible.

Reviewed by the Board.

*Decisions will be entered under Rule 50.*

Mellott and Disney, dissent.