WILLIAM P. T. PRESTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101762.   Promulgated July 10, 1941.

*Allin H. Pierce, Esq.*, for the petitioner.
*Allen T. Akin, Esq.*, for the respondent.

976

OPINION.

Harron: The sole question is whether petitioner is entitled to a deduction for interest paid on indebtedness with respect to the payments totaling $5,000 which were made by him in the taxable year to the United States Trust Co. The deduction in question was not taken by petitioner on his return for the taxable year, but was claimed by him in his petition.

Under section 23 (b) of the Revenue Act of 1936 a deduction is allowed for all interest paid within the taxable year on indebtedness. The term "indebtedness", as used in section 23 (b), is not defined in the revenue acts. The Board and the courts have defined "indebtedness", as used in section 23 (b), as "an unconditional and legally enforceable obligation for the payment of money." See *Paul Autenreith*, 41 B. T. A. 319; affd., 115 Fed. (2d) 856; *William Park*, 38 B. T. A. 1118; affd., 113 Fed. (2d) 352; *W. S. Gilman*, 18 B. T. A. 1277; affd., 53 Fed. (2d) 47.

In the present case, the basic question is whether or not the so-called bond in which petitioner covenanted to pay $125,000 to the United States Trust Co. was a legally enforceable obligation. The law of New York, where the bond was executed and delivered, is in large part determinative of this question. See *William Park*, *supra*, at p. 1120. In the final analysis, the answer to this question depends upon

whether or not the bond was supported by sufficient consideration. Petitioner argues, first, that the bond was supported by an actual consideration of $125,000 loaned to him by the United States Trust Co. and, second, that in any event the seal affixed to the bond conclusively imported a consideration under New York law. In support of his second argument he cites *Cochran* v. *Taylor*, 273 N. Y. 172; 7 N. E. (2d) 89, and *William Park, supra*. Respondent argues, first, that the United States Trust Co. did not loan $125,000 to petitioner and that the bond was not supported by any actual consideration; and, second, that under New York law the seal affixed to the bond was only presumptive evidence of the sufficiency of the consideration and that the record clearly overcomes the presumption of sufficiency. He cites *Johnson* v. *Commissioner*, 86 Fed. (2d) 710, and *Guaranty Trust Co. of New York* v. *Commissioner*, 98 Fed. (2d) 62, in support of his first argument and *Alexander* v. *Equitable Life Assurance Society*, 233 N. Y. 300; 135 N. E. 509, in support of his second argument.

In our opinion, the bond was not a legally enforceable obligation under the law of New York. On October 18, 1934, petitioner borrowed $125,000 from the Central Hanover Bank & Trust Co. and delivered that amount to the United States Trust Co., as trustee under the trust indenture for the benefit of his sister-in-law, Alice. On October 19, 1934, the very next day, petitioner executed and delivered the bond, the United States Trust Co. paid him $125,000, and he used that amount to satisfy his loan from the Central Hanover Bank & Trust Co. These various steps were taken at the same time and as part of one transaction. See *Johnson* v. *Commissioner, supra; Guaranty Trust Co. of New York* v. *Commissioner, supra*. The only reasonable inference to be drawn from the various steps taken and the carefully drafted provisions of paragraph third of the trust indenture is that it was agreed between petitioner and the United States Trust Co. that the $125,000 which he delivered to the trust company was to be returned to him almost immediately as a "loan." See *Johnson* v. *Commissioner, supra; Guaranty Trust Co. of New York* v. *Commissioner, supra*. The payment to petitioner "of money which he himself supplied to the trustee for the very purpose can not be a loan to him or furnish consideration for his" bond. See *Johnson* v. *Commissioner, supra*. The practical effect of what was done was to set up a trust composed solely of petitioner's bond. See *Johnson* v. *Commissioner, supra*.

It is true that petitioner's bond was under seal. The letters "L. S." appeared opposite his signature on the bond. This was sufficient to constitute a seal under New York law. See New York General Construction Law, sec. 44. However, under the New York law which was in effect at the time when the bond was executed and delivered, the seal was "only presumptive evidence of a sufficient consideration", which might be rebutted as if the bond were not sealed. See New

York Civil Practice Act, sec. 342; *Cochran v. Taylor, supra; Alexander v. Equitable Life Assurance Society, supra; Harris v. Shorall,* 230 N. Y. 343; 130 N. E. 572; *In re Greene,* 45 Fed. (2d) 428; *Jessie W. Donahue,* 44 B. T. A. 329. The record clearly shows that petitioner's covenant contained in the bond was a wholly gratuitous promise. Thus the presumption as to sufficiency of consideration was amply rebutted. See *Alexander v. Equitable Life Assurance Society, supra; In re Greene, supra. Cochran v. Taylor, supra,* is distinguishable because in that case the sufficiency of the consideration was not in question. See *Helmick v. Probst,* 170 Misc. 284; 9 N. Y. S. (2d) 975. *William Park, supra,* is not in point because in that case the question of whether or not there was a legally enforceable obligation was determined by Pennsylvania law, rather than New York law. See *Julius G. Day,* 42 B. T. A. 109.

Petitioner's gratuitous promise contained in the bond was "unenforceable either by the trustee or by the beneficiary" and was "no more than a promise to make a gift in the future." *Johnson v. Commissioner, supra.* The payments totaling $5,000 which were made by petitioner in the taxable year to the United States Trust Co. were simply gratuitous payments for the benefit of his sister-in-law, Alice. It follows that petitioner is not entitled to a deduction for interest paid on indebtedness with respect to such payments. *Johnson v. Commissioner, supra.*

Petitioner concedes that respondent correctly determined that the amount of petitioner's distributive share of the taxable net income of a partnership was understated on his return by the amount of $1,276.76. Respondent concedes that petitioner is entitled to a deduction, which was not taken on his return, in the amount of $152.16 for taxes paid by him to the State of New York in respect to unemployment insurance. Effect will be given to these concessions on computation under Rule 50.

*Decision will be entered under Rule 50.*