Miles F. McDonald, J.
Plaintiff makes two motions (1) for an order to dismiss the defendant’s counterclaim pursuant to subdivision 8 of rule 110 of the Buies of Civil Practice, and (2) for an order to strike certain paragraphs of-the defendant’s answer as irrelevant and redundant pursuant to rule 103 of the Buies of Civil Practice.
It is to be noted that the plaintiff does not attack the legal sufficiency of the partial defense and counterclaim upon grounds other than those stated above.
The complaint alleges two causes of action wherein the plaintiff seeks to recover royalties under two separate contracts in writing. Paragraphs 8 through 14 of the answer, designated as a partial defense and which are sought to be stricken as irrelevant, allege that on or about July 25, 1955 the defendant *473 with the knowledge and consent of the plaintiff entered into a contract with an advertising agency which undertook to extensively advertise, without cost to the defendant, the products which are the subject of the contracts between the plaintiff and the defendant; that as a consideration for the advertising agreement the defendant bound itself to comply with conditions requiring the performance of certain acts by the plaintiff, by the defendant and by the defendant’s president; that the acts required to be done by the plaintiff included a modification of his contracts with the defendant so that royalties shall not be more than 2% on all sales that exceeded the sales levels obtained in the year 1954; that the plaintiff orally agreed to such modification and further agreed to execute and deliver a written modification thereof in exact accordance with the oral modification; that in reliance thereon defendant entered into the contract with the advertising agency; that the defendant, its president and the advertising agency fully performed all the conditions on their parts to be performed under the advertising contract, and that as a result of the advertising, sales increased vastly; that thereafter plaintiff refused to execute and deliver the written modification and accordingly breached the royalty contracts.
Plaintiff asserts that the above allegations have no relevancy to the action since the contracts between plaintiff and defendant were in writing and could not be altered in any manner except by another writing. That is the general rule. However, our courts will not permit the Statute of Frauds to be used to protect one who by his agreement, acts and conduct has induced another to incur expense and alter his position to his damage (Imperator v. Tull, 228 N. Y. 447; Harris v. Shorall, 230 N. Y. 343; Davison Coal Co. v. Weston Dodson & Co., 209 App. Div. 514).
The allegations, thus, if shown upon the trial to be true, may be sufficient to estop the plaintiff from availing himself of the benefits of the Statute of Frauds and accordingly are relevant.
The motion to dismiss the counterclaim which incorporates the above-ref erred-to paragraphs, which are the basis of the counterclaim, is also based upon the ground that the written agreements could not be orally modified. For the reasons stated above, this branch of the motion should be denied.
The plaintiff still questions the relevancy of paragraphs 15 through 19 of the counterclaim. Paragraph 15 realleges the above-ref erred-to paragraphs and through paragraph 16 inclusive of 19, it is alleged that as a result of the breach of the oral agreement defendant has defaulted in his agreement with *474 the advertising agency and accordingly has lost and will lose free advertising to the extent of at least $200,000; that defendant has been further damaged to the extent of $1,250, being the value of 5,000 shares of stock which it had turned over to one Albert L. Fairbanks as compensation for his services in consummating the advertising contract; and that the defendant had been further damaged at least to the extent of $50,000 in that the defendant became liable to repay a loan to it by its president, which would have been cancelled had the advertising contract not been breached by plaintiff’s failure to execute and deliver the written modification of the royalty contract.
The damages, if any, that the defendant may be entitled to under its counterclaim, is a matter to be determined at the trial of the action.
The motions are denied, with leave to plaintiff to serve a reply to the new matter in defendant’s answer within 20 days after the service of the order to be entered hereon. Settle order.