Joseph A. Suozzi, J.
In this action tried by the court without a jury plaintiffs seek specific performance of a contract to convey real property to them.
The proof revealed that on May 23, 1960 defendants agreed, by written contract, to convey their home in the Village of *700 Lawrence to plaintiffs for a price of $27,000 subject to various conditions, among which was one that stated “ this contract shall be conditioned upon the purchaser procuring * # * a mortgage of not less than $17,000 ”. The plaintiffs eventually obtained a mortgage commitment in accordance with the terms of the contract. Plaintiffs then notified defendants through their respective attorneys that a title closing had been scheduled. On the following day defendants ’ attorney wrote that his clients refused to set any date for closing upon the ground that the parties had orally agreed to cancel the contract of sale.
It appears that the plaintiffs have performed all the essential terms and provisions of the written contract.
The defendants allege that plaintiffs offered to cancel the contract if the down payment of $2,700 were returned together with an additional sum of $1,000, an exchange of general releases and an indemnification against any claim that might be made for brokerage commissions. There is evidence of the fact that an arrangement similar to this had been orally agreed upon by the plaintiffs with the real estate broker. The evidence discloses, too, that the defendants’ attorney sent to the attorneys for the plaintiffs certified checks for $2,700 and $1,000, a general release executed by defendants, a general release to be executed by plaintiffs, and a statement that plaintiffs would be held harmless of any claims by the broker. The checks were returned by plaintiffs’ attorneys at plaintiffs’ request, with a communication stating, “ Client wants house. Please make arrangements for closing.”
Defendants characterize this series of events as an enforcible oral cancellation of the written contract and, as such, a valid defense to plaintiffs’ prayer for specific performance. In order for this defense to stand, it must overcome the language of section 282 of the Beal Property Law and the line of cases that generally prohibit the oral modification of a contract to convey realty pursuant to section 259 of the Beal Property Law. Section 282 permits the discharge of an agreement pertaining to realty by an executory agreement only if it is in writing. We find that this alleged oral modification was in the nature of an executory agreement since it was never acted upon by plaintiffs. Defendants are not assisted by the holding in Beatty v. Guggenheim Exploration Co. (225 N. Y. 380), where the oral modification was not executory.
In Harris v. Shorall (230 N. Y. 343), the Court of Appeals granted specific performance to a vendor of a written contract, as orally modified, for the reason that the vendor had acted upon the oral change and altered his position in reliance thereon. *701 The court there stated that common justice forbids allowing a party to refuse to perform on the basis of some technicality. Here, the court is of the opinion that equity and common justice would forbid us from refusing to grant specific performance upon the grounds urged by defendants. Defendants have not materially altered their positions as a result of the alleged oral modification, nor have they shown that the contract was discharged in accordance with section 282 of the Real Property Law. ■ Accordingly, judgment is awarded to plaintiffs for specific performance of the written agreement, as prayed for in the complaint, without costs.