■    CAMILLO CALOGERO, Respondent, *v.* BILLS GARAGE, INC., Appellant, et al., Defendants.— Appeal by defendant Bills Garage, Inc., as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, dated June 25, 1968, as is against it upon a jury verdict.    Judgment reversed insofar as appealed from, on the law and the facts, without costs, and new trial and severance of action granted as between plaintiff and appellant, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the amount of the verdict insofar as it is in his favor against appellant, from $335,000 to $275,000, and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs.    In our opinion, the verdict was excessive to the extent indicated.    Beldock, P. J., Christ, Rabin, Benjamin and Kleinfeld, JJ., concur.

■    MICHAEL CARPINIELLO, Respondent, v. DONATO PROTANO et al., Appellants.— In an action for specific performance of a contract for the sale of real property, defendants appeal from a judgment of the Supreme Court, Westchester County, dated October 1, 1968, in favor of plaintiff.    Judgment affirmed, with costs; and action remanded to the trial court for the purpose of fixing a new time and place for the closing of title.    We have not reached nor do we decide the question whether the attempted oral modification of the contract of sale was valid and enforceable.    We agree with the trial court that under the circumstances plaintiff was entitled to a reasonable adjournment in order to procure cash or a mortgage.    Defendants cannot be permitted to prevent plaintiff's performance of the original contract by agreeing to its oral modification and, thereafter, insisting upon strict adherence to the original contract, setting up the Statute of Frauds to bar enforcement of the altered contract (cf. *Harris* v. *Shorall,* 230 N. Y. 343, 349; *Imperator Realty Co.* v. *Tull,* 228 N. Y. 447, 453).    Equity will intervene in such a case to protect the purchaser. Beldock, P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.