SARAH GANNON, as Administratrix of JOHN GANNON, Deceased, Respondent, *v.* CATHARINE McGUIRE and MICHAEL McGUIRE, her Husband, Appellants.

1. APPEAL — QUESTION OF LAW ON APPEAL FROM REVERSAL. On appeal from a reversal by the Appellate Division in an action tried by the court, presumed, by force of section 1338 of the Code of Civil Procedure, not to have been based on a question of fact, the question whether a fact found has the support of any evidence, which, according to any reasonable view, warranted the trial judge in finding it, is a question of law for the Court of Appeals.

2. GIFT INTER VIVOS. The essential element of a gift *inter vivos* is delivery by the donor of the subject of the gift with intent to at once vest title thereto in the donee; but, after the gift is made complete by delivery, it is not necessary that the donee shall retain possession of the property, for it may be redelivered to the donor, as the agent of the donee, for safe-keeping.

3. GIFT OF MORTGAGE BY MORTGAGEE TO MORTGAGOR. Evidence that the owner of premises, on executing a deed thereof to his cousin and taking from her a mortgage, with accompanying bond, delivered the bond and

mortgage to her with intent to part with title and possession and transfer both to her, and that the mortgagor accepted the bond and mortgage, so returned to her, and then handed the papers back to the mortgagee for safe-keeping, supports a finding of a complete gift *inter vivos*.

Gannon v. *McGuire*, 22 App. Div. 43, reversed.

(Argued October 11, 1899; decided October 27, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made November 12, 1897, reversing a judgment which dismissed the complaint after a trial at Special Term, and granting a new trial.

This action was brought to foreclose a purchase-money mortgage executed by the defendant Catharine McGuire to John Gannon, since deceased.

The facts, so far as material, are stated in the opinion.

*Abram Kling* for appellants. The Appellate Division reversed the judgment upon the questions of law, and the facts as found by the referee are conclusive upon this appeal. (Code Civ. Pro. §§ 1337, 1338; *Petrie* v. *Trustees of Hamilton College*, 158 N. Y. 458.) The gift of the bond and mortgage by the decedent to Catharine McGuire was sufficient by delivery to her, and no writing was necessary for her to acquire the legal or equitable title to the same. (*Gray* v. *Barton*, 55 N. Y. 68; *Hackney* v. *Vrooman*, 62 Barb. 651; *Ridden* v. *Thrall*, 125 N. Y. 572.) The decedent, by the order delivered to the defendant on the 30th of December, 1891, created a valid gift in her favor of the bond and mortgage. (*Grymes* v. *Hone*, 49 N. Y. 17; *Martin* v. *Funk*, 75 N. Y. 134; *Diefendorf* v. *Diefendorf*, 132 N. Y. 101; *Bump* v. *Pratt*, 84 Hun, 201; *Barry* v. *Lambert*, 98 N. Y. 300.) The defendant established an absolute declaration of trust made by the decedent in her favor. (*Barry* v. *Lambert*, 98 N. Y. 300; Flint on Trusts, § 43; *Martin* v. *Funk*, 75 N. Y. 134; *Day* v. *Roth*, 18 N. Y. 448; *Wurrall* v. *Jacobs*, 3 Merivale, 256; *Exton* v. *Scott*, 6 Sim. 31; *Milroy* v. *Lord*, 4 De G., F. & J. 264; *Richards* v. *Delbridge*, L. R. [18 Eq. Cas.] 11; *Jones* v. *Locke*, L. R. [1 Ch. App.] 25; *Locke* v. *F. L. & T. Co.*,

140 N. Y. 135.)   The objection that the witness Cushing was precluded from testifying, being the attorney for the decedent Gannon, was untenable.   (Code Civ. Pro. § 835 ; *Renihan* v. *Dennin,* 103 N. Y. 579; *Rosseau* v. *Bleau,* 131 N. Y. 177; *Hebbard* v. *Haughian,* 70 N. Y. 55 ; *Sheldon* v. *Sheldon,* 11 N. Y. Supp. 477.)

*Alex. Thain* for respondent.   The " constant and essential factor" of delivery by the donor to the donee of the subject of the gift, which the law holds must exist in every transaction which takes effect as a completed gift, is not present in this case.   (*Beaver* v. *Beaver,* 117 N. Y. 421 ; 137 N. Y. 59 ; *Young* v. *Young,* 80 N. Y. 422; Pom. Eq. Juris. § 1148; *Doty* v. *Wilson,* 47 N. Y. 580 ; *M. D. Co.* v. *Huntington,* 89 Hun, 465 ; *Carpenter* v. *Soule,* 88 N. Y. 251 ; *Curry* v. *Powers,* 70 N. Y. 212 ; *Irish* v. *Nutting,* 47 Barb. 370 ; *Guy* v. *Langdon,* 84 Hun, 218 ; *Provost* v. *Harris,* 36 N. E. Rep. 958 ; *Larkin* v. *Hardenbrook,* 90 N. Y. 333.)   A gift cannot be made to take effect in possession *in futuro.*   (*Young* v. *Young,* 80 N. Y. 422 ; *Curry* v. *Powers,* 70 N. Y. 212 ; *Matter of Crawford,* 113 N. Y. 560.)   The law will not permit an imperfect gift to be made effective by finding a trust for the intended donee.   (*Young* v. *Young,* 80 N. Y. 422 ; *Harris* v. *Clark,* 2 Barb. 99.)   Plaintiff's intestate, at most, merely promised to make a gift of the bond and mortgage, or to cancel or satisfy a debt that was due him, the cancellation or satisfaction or gift to take effect after his death.   (*Morgan* v. *Freeborn,* 68 Hun, 296 ; *Wadd* v. *Hazelton,* 137 N. Y. 215 ; *Govin* v. *de Miranda,* 79 Hun, 286 ; *Cambreleng* v. *Graham,* 79 Hun, 247.)   The delivery of the order to Mrs. McGuire to get the " other papers," assuming the bond and mortgage were included in that term, was not a delivery.   (*Gray* v. *Barton,* 55 N. Y. 69 ; *Champney* v. *Blanchard,* 39 N. Y. 111 ; *Doty* v. *Willson,* 47 N. Y. 580 ; *Larkin* v. *Hardenbrook,* 90 N. Y. 333.)   Gannon's death ended all power given by him in his lifetime, and a direction given by him as to what should be done with his property after his death was futile.   (*Weber* v.

*Bridgman,* 113 N. Y. 600.)    The only testimony of any value to the defendant is that of her husband and her lawyer, and that is not worthy of belief.    (*Ridden* v. *Thrall,* 125 N. Y. 576; *Bliss* v. *Fosdick,* 86 Hun, 162; *Matter of Manhardt,* 17 App. Div. 10; *Matter of Gannon,* 2 Misc. Rep. 329; *Bishop* v. *Hendricks,* 42 N. Y. S. R. 296.)

*Per Curiam.*    The substantial issue presented by the pleadings is whether the mortgage sought to be foreclosed in this action, together with the accompanying bond, were delivered by the plaintiff's intestate to the defendant, Catharine McGuire, as a gift *inter vivos.*    According to the order of reversal, the learned Appellate Division did not disturb the facts presumed to have been found by the trial court, which include all facts warranted by the evidence and necessary to support the judgment.    (*People* v. *Adirondack Ry. Co.,* 160 N. Y. 225; Code Civ. Pro. §§ 1022–1338.)    The trial court decided that, prior to the death of plaintiff's intestate, "the defendant, Catharine McGuire, became the owner of the bond and mortgage described in the complaint  *  *  *  by virtue of an executed gift from plaintiff's" intestate.    If this fact stands, the judgment of the trial court should stand, unless some error was committed during the progress of the trial to the injury of the plaintiff.    Whether the fact has the support of any evidence, which, according to any reasonable view, warranted the trial judge in finding it, is a question of law, and is the main question presented for review.    (*Otten* v. *Manhattan Ry. Co.,* 150 N. Y. 395, 400; *Edson* v. *Bartow,* 154 N. Y. 199, 217.)    No question relating to the weight of evidence is before us, for if the Appellate Division intended to base their reversal upon a question of fact, the statute required them to make it clearly appear "in the record body of the judgment or order."    (Code Civ. Pro. § 1338.)

Mrs. McGuire was a cousin of Mr. Gannon, the plaintiffs' intestate, and seems to have been his most favored relative. By his will, which for some reason was not admitted to probate, he gave her the greater part of his estate.    According

to all the witnesses who spoke upon the subject, it was his clear intention to make a gift to her of the bond and mortgage in suit, but the testimony of some of them tended to show an intent to make a gift in futuro and not in præsenti. He signed and acknowledged a conveyance from himself to Mrs. McGuire, embracing the property covered by the mortgage, and, by the advice of his attorney, caused to be prepared a mortgage from Mrs. McGuire to himself for $8,500, upon the same property, collateral to a bond in the penalty of $17,000. He then took all these instruments to the residence of Mrs. McGuire, and according to the testimony of the notary who accompanied him, said to her: "I am giving you this house in Forty-eighth street. My lawyer, Mr. Cushing, has advised me to take back a bond and mortgage. I protested against it because I did not want the bond and mortgage. The house is to be yours subject to the Emigrants' Savings Bank mortgage. I am doing this just as a matter of form." He then handed her the deed and said : " This is the deed of the property." Thereupon she executed the bond and mortgage and handed them to him. After she had thus executed the bond and mortgage and delivered them to him, he redelivered them to her. She then handed them to him and he said, "I am taking this to keep for you and put it in a place of safe-keeping, so when I die you shall have this property free and clear of any incumbrance. I am simply doing this at the request of my lawyer, and it will be of no account because I am keeping it for you, and I will place it in a place of safe-keeping for you, to be delivered to you upon my death, upon an order which I will sign to a party to deliver it to you." This testimony was corroborated to some extent by that of another witness. Two or three days later he said to the notary: " Mr. Ledwith is a particular friend of mine, of the Emigrants' Savings Bank. I meet him occasionally. I will put all the papers with him to be delivered to Mrs. McGuire upon my death." He said he would hold them for her, would surrender them to her upon the order, and that he did not want the mortgage recorded as being a lien upon

the property.   Referring to the bond and mortgage he said,
" You can burn it up."

Shortly afterward he left the papers with Mr. Ledwith,
where they remained for about ten months, when he died.   A
few hours before his death, and in view of that event, he sent
for his attorney, Mr. Cushing, and asked him to draw up an
order for Mrs. McGuire upon Mr. Ledwith " to get what
papers he left with him some time ago, as he did not know
the date."   Mr. Cushing thereupon drew an order upon Mr.
Ledwith requesting him to deliver to the bearer, Catharine
McGuire, " the deed, will and all other papers left by me in
your care and custody some time ago.   I don't recollect the
date.   I am unable to call for these papers myself at present,
and, therefore, I want you to deliver them to the said Catha-
rine McGuire.   The deed belongs to her."   After this order
was read over to him he pronounced it correct, signed and
acknowledged it, and personally handed it to Mrs. McGuire,
saying that it was for her and that she could go to the Emi-
grants' Savings Bank and get the deed, bond and the papers
that he left with Mr. Ledwith.   Mrs. McGuire went to the
bank, presented the order and received the bond and mortgage
with the other papers.   She sent the deed to the clerk's office
to be recorded, and by mistake the mortgage was sent at the
same time and was also recorded.

The essential element of a gift *inter vivos* is delivery by
the donor of the subject of the gift with intent to at once
vest title thereto in the donee.   Mere words of gift are not
enough, for the owner must part with possession and control
before the gift can take effect.   There must be an intent to
make the gift *in præsenti,* because a gift to take effect *in
futuro* is void as a promise without consideration.   The
delivery may be in accordance with the nature of the thing
given, provided the circumstances show that the donor
intended to divest himself of title and possession, but, " after
the gift is made complete by delivery, it is not necessary that
the donee shall retain possession of the property," for it may

61

be redelivered to the donor, as the agent of the donee, for safe-keeping. The mere custody of the property, after a complete gift *in præsenti* has been made, is subject to explanation, and its chief importance is its bearing upon the question whether there was an executed gift. The law as thus announced is settled by the following among many authorities which might be cited: (*Westerlo* v. *De Witt,* 36 N. Y. 340; *Gray* v. *Barton,* 55 N. Y. 68; *Young* v. *Young,* 80 N. Y. 422; *Beaver* v. *Beaver,* 117 N. Y. 421, 428; *Farleigh* v. *Cadman,* 159 N. Y. 169, 173; 8 Am. & Eng. Encyc. of Law, 1313; 2 Schouler on Per. Prop. § 66 *et seq.;* 1 Parsons on Contracts [7th ed.], 234.) As was said in *Beaver* v. *Beaver* (*supra,* 428), " in case of bonds, notes or choses in action, the delivery of the instrument which represents the debt is a gift of the debt, if that is the intention;   *   *   *."

Applying the law to the facts as found by the trial judge upon sufficient evidence according to the rules governing appeals to this court, and we have a completed gift. After the execution and delivery of the bond and mortgage by Mrs. McGuire to Mr. Gannon he had complete title to those instruments, and it was in his power to keep his promise to make her a gift of them or not as he saw fit. The bond and mortgage were his to do with as he chose. He thereupon delivered them to her with the intent, as it must be presumed from the findings, to part with title and possession and transfer both to her. Upon acceptance by her, the bond and mortgage became her property and she could do with them what she chose. It was in her power to retain them in her own possession, or to intrust them for safe-keeping to any one whom she might select. Whether the debt they represented was extinguished by their merger in the deed is now unimportant, and the mere fact that, upon his suggestion, she handed the papers to him for safe-keeping only did not cut down the gift nor change it in any respect. Thereafter he held the papers simply as custodian for her benefit. He had no control over them except as her agent, for by his executed gift he had put it out of his power to repossess himself of them as owner. The gift had

become irrevocable, the title had passed and the second delivery to him was as a depositary merely.

Whether the delivery of the order under all the circumstances could be sustained as a gift *causa mortis* it is not necessary to decide, for, as we think, according to the facts found by the trial court and left undisturbed by the Appellate Division, a complete gift *inter vivos* was made.

After examining all the exceptions in the record before us we find none that justifies the reversal by the Appellate Division of the judgment rendered by the trial court. The order appealed from should, therefore, be reversed and the judgment of the Special Term affirmed, with costs.

All concur.

Order reversed, etc.