Kelly *v*. Huplits, Jr., Admr., Appellant.

Argued October 6, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Matthew Randall,* and with him *Clinton A. Sowers,* for appellant.

*William T. Connor,* and with him *John R. K. Scott,* for appellee.

OPINION BY BALDRIGE, J., December 26, 1931:

This is a bill in equity praying that the defendant be ordered to deliver to the plaintiff a certain certificate of deposit.

Bridget Callahan died November 9, 1929, intestate. The deceased had a savings account in her own name, with the Overbrook National Bank, amounting to $642.54. She was married on the 13th of September, 1928. In the early part of November, 1929, she was about to give birth to a child and she had apprehensions, that proved well founded, that her life was seriously in danger. She had not been living on good terms with her husband and desired, in the event of her death, that her husband would not receive any of this money in bank and expressed the wish that the money should be used for payment of her funeral expenses and the support of her prospective child. She had confidence in her brother, Joseph Kelly, the plaintiff, and believed that he would fulfill her wishes. Mrs. Callahan went to the Overbrook National Bank, explained the situation to the bank, withdrew her account, and, at her request, the bank issued and delivered to her a certificate of deposit dated November 2, 1929, certifying that she had deposited in the bank $640, and made that sum payable to the order of Joseph Kelly. She informed the plaintiff of this transaction and of her desire to give him the certificate of deposit. He thereupon asked her to keep it for him. Subsequently, and shortly before her death, she told Mrs. Lavery, a friend of hers, that the certificate belonged to her brother and requested her to take charge of it, which she refused to do.

The only question involved is whether or not this was an executed gift. The essential elements which constitute a valid gift are the intention of the donor to make a gift, actual or constructive delivery, and its acceptance by the donee: Walsh's App., 122 Pa. 177; Sullivan v. Hess, 241 Pa. 407, Kaufman's Est., 281 Pa. 519. The actual changing of the savings account in decedent's name to a certificate of deposit, payable to the plaintiff, thus depriving herself of all dominion and control of the money; her statements, indicating a clear and unmistakable intention on her part to give this money; and the brother's acceptance, evidenced by statements of the decedent that it belonged to him and he had asked her to keep it for him, met these legal requirements.

The transfer of the account into the certificate was the vital element in this transaction. It showed the executed purpose to give. The certificate spoke for itself; it asserted on its face the plaintiff was the owner of the deposited money. The retention of possession of the certificate by the decedent was as custodian of it for her brother. See Gannon v. McGuire, 160 N. Y. 476, 55 N. E. 7.

In Leitch v. Diamond National Bank, 234 Pa. 557, 564, the court cites, with approval, Thornton on Gifts, sec. 148, which provides: "If the language used by the donor is clear and unambiguous, showing a clear intent to make the gift and a belief on his part that he had done all that was necessary to complete it, then the act of delivery if slight and ambiguous, will be aided thereby, not, however, dispensing with an actual delivery; but rendering the gift valid where it would be deemed invalid if the acts of delivery were uncertain or ambiguous."

Nor did the request to the decedent to retain the certificate invalidate the gift. Such action was not irreconcilable with the acceptance of the certificate. The plaintiff could have surrendered possession of

the certificate to anyone whom he chose for safekeeping without affecting the legality of the gift. The title had passed and the gift was perfected and irrevocable.

In Reese v. Phila. Trust, Safe Deposit & Ins. Co., 218 Pa. 150, an elderly woman accompanied by her nephew went to the vaults of the trust company and in the presence of an officer of the company declared her purpose to make a gift of the securities to her nephew. The fact that the aunt subsequently exercised a certain control over the securities was treated as an agency in connection therewith and did not overcome the plain purpose to make a gift.

We have examined all the authorities cited by the appellant and given due consideration to his able argument, but we are convinced that there was evidence to sustain the findings of the learned chancellor, and concur in his conclusions.

Judgment affirmed.