JOHN D. ARCHBOLD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97142. Promulgated July 31, 1940.

*Jesse R. Fillman, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $10,332.38 in gift tax for the calendar year 1936. The parties have filed a stipulation of the facts which the Board hereby adopts as its findings of fact.

The petitioner and Elizabeth Brown were married on January 1, 1937. They and their attorneys had several conferences prior to

that date in regard to two trusts which the petitioner was creating for Elizabeth. The petitioner created one trust on December 31, 1936, for the benefit of Elizabeth and transferred to it securities having a value of about $200,000. The tax on that transfer has been paid and is not in controversy. Later in the day on December 31, 1936, the petitioner created a second trust for the benefit of Elizabeth. That second trust, described as "Marriage Settlement Agreement", is the one giving rise to the issues in this proceeding and is the one referred to hereinafter.

The second trust contained the following recital:

WHEREAS, the party of the first part [petitioner] and the party of the second part [Elizabeth Brown] contemplate entering into the marriage relation with each other and the party of the second part is already possessed of substantial properties in her own right and the party of the first part desires to waive and relinquish all interest in such property which may lawfully be waived and, in addition, to make definite provision for the party of the second part in lieu of her dower right or other rights or interest which she might otherwise have in his property or estate and which may lawfully be waived or in any common or community property which may be acquired during their marriage which may lawfully be waived,

Now, THEREFORE, in consideration of the mutual promises hereinafter set forth and of the marriage of the parties of the first and second parts, it is hereby covenanted and agreed as follows: * * *

The petitioner transferred securities having a value of $10,205.62 to that trust on December 31, 1936. He also agreed in the deed of trust:

* * * to assign and transfer to the said Trustees on the 31st day of December in each of the next nine consecutive years the sum of $10,000 or securities having a market value as of the date of transfer of $10,000 to be added to the said trust estate and administered as part of it pursuant to the provisions of this Indenture, provided, however, that if the mother of the said John D. Archbold or the said John D. Archbold should die prior to the expiration of nine years from the date of this agreement, the said John D. Archbold or his executor or administrator, as the case may be, shall assign and transfer to the Trustees within six months after the death of the said John D. Archbold or of his mother, as the case may be, cash or securities sufficient to bring the total of all cash or securities assigned or transferred to the said Trustees by the said John D. Archbold up to the sum of $100,000.

The deed provided that the petitioner waived all rights in the estate of Elizabeth and she agreed to waive all dower and other rights which she might otherwise have in his estate, in consideration of his transfers and waivers.

The petitioner paid $10,000 in cash to the trustees on December 31, 1937, and again on December 31, 1938. The petitioner and the trustees considered the trust agreement terminated by the death of Elizabeth on June 23, 1939. The trustees returned the corpus of the trust to the petitioner.

The petitioner filed a gift tax return for 1936 reporting the amounts actually transferred to the trusts on December 31, 1936. The Commis-

sioner, in determining the deficiency, held that the petitioner made an additional gift in 1936 of $74,353.30 representing the present value on December 31, 1936, of an annuity of $10,000 per annum for nine years.

The petitioner filed gift tax returns for 1937 and 1938, reporting the transfers of $10,000, and paid the tax due thereon.

The petitioner contends that the agreement to add $10,000 to the trust annually for nine years was not a gift taxable in 1936 and, in any event, that promise had no ascertainable fair market value in 1936. He also contends that the entire trust was created by him for a full and adequate consideration and, consequently, was not a gift. He claims a refund of the tax paid on the $10,205.62.

The first argument of the petitioner is that a promise to make a gift in the future is not a present gift, even though the promise may be an enforceable one, citing G. C. M. 16460, XV–1 C. B. 369, and cases cited therein; *Estate of John F. Dodge,* 13 B. T. A. 201; *Guaranty Trust Co.* v. *Commissioner,* 98 Fed. (2d) 62; *Snavely* v. *Henderson,* 204 Fed. 978; *Gannon* v. *McGuire,* 160 N. Y. 476; 55 N. E. 7; *City Bank Farmers Trust Co.* v. *Hoey,* 101 Fed. (2d) 9; *Lunsford Richardson,* 39 B. T. A. 927; *Estate of Charles Jefferson Miller,* 40 B. T. A. 138; and particularly *Johnson* v. *Commissioner,* 86 Fed. (2d) 710. The respondent has not made any argument or cited any cases to rebut this contention of the petitioner or to show that it is not applicable to and decisive of the first issue. The Commissioner erred in determining a gift tax for 1936 upon $74,353.30 representing the then value of the promise or agreement of the petitioner to add to the trust thereafter. This being so, the alternative argument of the petitioner that the promise of an individual to make annual payments has no ascertainable fair market value and the cases cited in support require no discussion.

The petitioner argues that he is entitled to a refund of the tax paid upon the $10,205.62 transferred to the trust because the transaction, a marriage settlement agreement, was supported by a full and adequate consideration in the relinquishment by Elizabeth of her dower and other rights in his estate. Section 503 of the Revenue Act of 1932 provides:

Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this title, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.

The determination of the Commissioner carries a presumption of correctness. The Board held in *Bennet B. Bristol,* 42 B. T. A. 263, that the release by an intended wife of all of the rights which she was to acquire by marriage in the property of her husband might be adequate and full consideration in money or money's worth

for a transfer of property so that no gift tax would be due upon the transfer, but the adequacy of such consideration in a given case is a question of fact.

Elizabeth Brown had no property of any substantial value on December 30, 1936. Her husband first established the $200,000 trust for her and thereafter they entered into the marriage settlement agreement. He still had property consisting of cash and securities of a value of perhaps $600,000. The record shows the ages of Archbold, his intended wife, and his mother. The record does not show or give data from which may be computed the value in money or money's worth on December 31, 1936, or immediately after the marriage, of Elizabeth's rights in Archbold's estate which she agreed to surrender. *Fish* v. *Helvering*, 75 Fed. (2d) 769, affirming 27 B. T. A. 1002. It might be reasonable to assume that those rights had a value in excess of $10,205.62, the amount transferred in trust at that time pursuant to the agreement, but she did not surrender those rights in consideration of that transfer alone. The surrender was for his agreement to make the nine future annual transfers of $10,000 each. We have no idea of and no way of measuring the value on December 31, 1936, or thereabouts of such surrender as she made in consideration of the transfer of the $10,205.62. We can not say that the petitioner erred in paying the gift tax on the transfer of the $10,205.62.

*Decision will be entered under Rule 50.*