UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under Deed of Trust Made by WILLIAM P. T. PRESTON, Dated October 18, 1934, Plaintiff, *v.* WILLIAM P. T. PRESTON, Defendant.

First Department, May 8, 1942.

*M'Cready Sykes* of counsel [*Stewart & Shearer*, attorneys], for the plaintiff.

*Allin H. Pierce* of counsel [*Carter, Ledyard & Milburn*, attorneys], for the defendant.

COHN, J. Plaintiff is trustee under a trust agreement executed by the parties on October 18, 1934. On that date defendant delivered to plaintiff as trustee the indenture for the benefit of Alice Gwynne Preston, his sister-in-law, which provided that the grantor was to pay to plaintiff in cash the sum of $125,000 in trust to pay the income to the grantor's sister-in-law during her

life or until her remarriage and after her death or remarriage to the grantor's wife, with. remainder to such of the issue of grantor and his wife as she should appoint, with contingent remainders to members of the grantor's family in the event of non-exercise of the power. The trust indenture gave the trustee the right in its absolute discretion to invest the principal in real or personal property. The agreement also provided: " It is contemplated and expected that the trustee will from time to time loan money to the grantor on his unsecured bond or note and under no circumstances shall such action on the part of the trustee constitute a breach of trust and the trustee shall be under no liability except for actual or wilful fraud to any person or persons interested * * * in the trust fund by reason of the purchase in its absolute discretion of any unsecured personal note or bond of the grantor * * *."

When defendant executed the trust agreement he delivered to plaintiff a check of the Central Hanover Bank and Trust Company in the sum of $125,000. Plaintiff accepted the check, which in due course was paid. Previously, but on the same date, the check had been delivered by the Central Hanover Bank and Trust Company to defendant pursuant to a demand loan made by the bank to defendant in that amount with interest at six per cent.

The day after the indenture was executed, plaintiff as trustee delivered to defendant its check payable to his order for $125,000 against receipt of the personal bond of defendant under seal wherein the latter acknowledged himself to be indebted to the trustee in the amount borrowed, and covenanted to pay the loan to plaintiff on October 15, 1954, with interest at four per cent per annum payable quarterly. On the same day, defendant delivered the check of plaintiff to the Central Hanover Bank and Trust Company in payment of the demand loan made to him by that bank, and he also paid $20.83 as interest thereon.

Plaintiff has been, and still is, the holder of the personal bond of defendant. From December 14, 1934, to June 15, 1941, inclusive, defendant has made quarterly interest payments of $1,250 upon the bond.

On September 8, 1941, defendant wrote a letter to plaintiff in which defendant stated that he would not pay the installment of interest which was to fall due on September 15, 1941, because " In a recent income tax case the Government took the position that my note was not an enforceable obligation and therefore refused to allow me to deduct the interest which I had paid to the trust." (See *Preston* v. *Commissioners of Internal Revenue*, 44 B. T. A. 973.) The installment of interest which under the

terms of the bond became payable on September 15, 1941, has not been paid.

Plaintiff demands judgment declaring that there is due and owing from defendant the sum of $1,250. Defendant denies that he is obligated to pay such installment of interest on the ground that there was no consideration either for the acknowledgment of the indebtedness or for the covenants to pay principal and interest contained in said bond.

The controversy submitted is whether upon the foregoing facts the bond is a legally enforcible obligation of defendant and whether plaintiff is entitled to recover against defendant the sum of $1,250 representing an installment of interest due under the terms of the bond.

It is contended by plaintiff (1) that as the liability is founded on a sealed instrument, defendant is estopped to attack the instrument for lack of consideration, and (2) that the facts affirmatively establish consideration precisely coextensive with the obligation.

At the time the instrument in suit was executed, section 342 of the Civil Practice Act provided: " A seal upon an executory instrument is only presumptive evidence of a sufficient consideration, which may be rebutted as if the instrument was not sealed." Since this statute was effective when the bond was executed, the instrument under seal could not be invalidated for lack of consideration. (*Cochran* v. *Taylor*, 273 N. Y. 172; 1 Williston on the Law of Contracts [Rev. Ed.], § 217; *Commissioner of Internal Revenue* v. *Park*, 113 F. [2d] 352.) A party to a sealed instrument, executed and delivered before the amendment of the statute in 1935, is estopped from asserting want of consideration. In *Cochran* v. *Taylor* (*supra*) the court, in passing upon the significance of a seal upon a contract made before the statutory change effected by the Laws of 1935, said (RIPPEY, J.) (at p. 179): " Williston points out (§ 217) that long before the action of assumpsit was developed, a promise under seal but without consideration was binding and that it was binding by its own force by the common law (§ 109). It is agreed upon substantially universal authority that a statement of consideration in a sealed instrument is unnecessary. (*Thomason* v. *Bescher*, 176 N. C. 622; 2 A. L. R. note, p. 631.) It is also frequently stated by the courts that a sealed instrument carries with it a presumption that it is given for a valid consideration without the necessity of a recital of the consideration therein and that the party signing and sealing is estopped to assert lack of consideration. [Cases cited.] "

In 1935 section 342 was amended (Laws of 1935, chap. 708) so as to provide that a seal upon a written instrument thereafter

executed should not be received as conclusive or presumptive evidence of a sufficient consideration. In 1941 the Legislature enacted a new section 342 declaring that " Except as otherwise expressly provided by statute, the presence or absence of a seal upon a written instrument hereafter executed shall be without legal effect." These statutory changes, occurring after the execution of the agreement here, have no bearing upon the relationship between the parties to this controversy. The liability being founded on a sealed instrument made prior to the amendment of 1935, defendant is estopped to attack it for lack of consideration.

We think, too, that the facts in the case affirmatively establish actual consideration moving from plaintiff to defendant. Defendant's $125,000 obligation represented by the bond was given for that amount in cash. Whether the trust was created with money borrowed by the settlor for the express purpose of creating this trust is immaterial. There is nothing illegal or against public policy in the creation of a trust by a person for a member of his family, with power explicitly given the trustee to lend him all or any part of the fund which he covenants to repay in full to the trustee with interest.

By the terms of the trust indenture, plaintiff had the right to invest the corpus of the trust in securities. The trustee was not obligated to make the loan to defendant. However, once the money was loaned to him, it became a financial obligation on defendant's part, or on the part of his estate to make good in the event of his death. If by voluntarily increasing his liabilities without adding to his assets defendant had rendered himself insolvent, doubtless his creditors might have attacked the transaction, but here there is no suggestion of insolvency or of complaining creditors.

Plaintiff discusses several rulings of the Federal courts made in tax cases wherein trusts were held invalid because the grantors retained complete control over the trust properties. (*Johnson* v. *Commissioner of Internal Revenue*, 86 F. [2d] 710; *Guaranty Trust Co.* v. *Commissioner of Internal Revenue*, 98 id. 62.) In each of these cases it was found that the grantor had transferred ownership of the trust property to another, but the actual agreement made the transferee's ownership something less than complete. The facts in the case at bar are clearly distinguishable. Here defendant completely parted with dominion over the principal of the trust fund. The trustee was under no obligation to lend him the money that comprised the fund or any part thereof. The trust instrument itself specified other classes of securities in which the trustee was authorized " in its absolute discretion " to place all or

any of the trust funds. Defendant was making provision for his own sister-in-law, something he had an absolute right to do, even with borrowed money. Once the trust was created, defendant parted entirely with dominion over the principal of the fund when he delivered to plaintiff the sum of $125,000. There was here an unequivocal intention by the donor to part with his property presently and forever. This constituted a valid gift. (*Gannon* v. *McGuire*, 160 N. Y. 476, 481.) The transaction between plaintiff and defendant was real and not illusory.

Judgment is accordingly directed for plaintiff as prayed for in the agreed submission, without costs.

MARTIN, P. J., UNTERMYER and DORE, JJ., concur; CALLAHAN, J., concurs on ground stated.

CALLAHAN, J. (concurring). I concur on the ground that plaintiff is entitled to judgment, because sufficient actual consideration for the defendant's bond is disclosed upon the facts stipulated.

Judgment unanimously directed for plaintiff as prayed for in the agreed submission, without costs. Settle order on notice.