**PRESTON'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.**

No. 115, Docket 21748.

United States Court of Appeals Second Circuit.

Argued Feb. 14, 1951.

Decided March 6, 1951.

Polikoff & Clareman, New York City (Benet Polikoff, Jack Clareman, New York City, of counsel); for petitioner.

Charles Oliphant, Washington, D. C., Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, I. Henry Kutz, Special Assts. to the Atty. Gen., for respondent.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The question here presented is whether the trust which we held valid in Preston v. Commissioner of Internal Revenue, 2 Cir., 132 F.2d 763 was revocable by the grantor. We then held that the grantor, Preston, could take deductions on his income tax return for the interest he paid on his personal bond under seal which became the corpus of the trust. His obligation to pay such interest had been established by the decision of the state court, United States Trust Co., of New York v. Preston, 264 App.Div. 152, 34 N.Y.S.2d 646, and familiarity with the opinion in each of those cases will be assumed.

The beneficiary, Alice Gwynne Preston, died on December 23, 1946 after a period of mental illness. She had paid an income tax on the amounts she received from the trust each year until 1943 but thereafter such receipts were omitted from the gross income reported in returns filed by, or for, her. In this proceeding her administratrix is seeking to have reversed a decision of the tax court holding that such receipts were the taxable income of the deceased.

The ground relied on for that is the contention that the trust was revocable and consequently its income was taxable to the grantor under Section 166 of the Internal Revenue Code, 26 U.S.C.A. § 166, and not to the beneficiary whom this petitioner represents.

The terms of the trust and the above decisions completely refute the assertion that this trust was revocable. The grantor had no option but to pay the interest on his bond to the corporate trustee for distribution according to the fixed provisions of the trust instrument. The first decision of the Board of Tax Appeals, William P. T. Preston, Preston v. C. I. R., 44 B.T.A. 973 would, indeed, give support to the petitioner's position but the reversal of that decision and what has since been decided in respect to this very trust leaves it without present importance. Cf. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. The reversion to the grantor when the trust terminated at the death of the survivor of the named beneficiaries did not make Sec. 166, I.R.C., applicable. Helvering v. Wood, 309 U.S. 344, 60 S.Ct. 551, 84 L.Ed. 796. Here, as there, the necessary power to revest or revoke was lacking.

Affirmed.